UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
THE ANNUITY, WELFARE AND
APPRENTICESHIP SKILL IMPROVEMENT
& SAFETY FUNDS OF THE
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C & 15D,
AFL-CIO *et al*,

       Plaintiffs,

   - against -

ALLSTATE MAPPING AND LAYOUT, LLC,

       Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-1831 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On April 1, 2022, Plaintiffs filed their Complaint alleging that Defendant Allstate Mapping and Layout, LLC, violated a collective bargaining agreement by not remitting benefit contribution payments to Plaintiffs.[1] Defendant has not appeared or otherwise responded to the Complaint, and its time to do some has long since passed. On Plaintiffs' request, the Clerk of Court entered a certificate of default against Defendant on May 13, 2022. (Dkt. 8.) Presently before this Court is Plaintiffs' motion for default judgment against Defendant. (Dkt. 9.) For the reasons stated herein, Plaintiffs' motion is denied without prejudice and with leave to renew.

---

[1] Plaintiffs in this case are The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO ("Local 15 Trust Funds"); the Trustees of Local 15 Trust Funds, namely James T. Callahan, Thomas A. Callahan, Michael Salgo, and William Tyson; Central Pension Fund of the International Union of Operating Engineers ("CPF"); Michael A. Crabtree, the Chief Executive Officer of CPF; and International Union of Operating Engineers Local 15, 15A, 15C & 15 D, AFL-CIO ("Local 15"). (Compl., Dkt. 1, ¶¶ 4–15.) The Court understands that CPF and Local 15 Trust Funds are the employee pension and benefit funds, respectively, associated with Local 15. (*See id.*)

1

**DISCUSSION**

"A motion for default judgment will not be granted unless the party making the motion adheres to *all* of the applicable procedural rules." *Century Surety Company v. Atweek*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) (emphasis added). Local Civil Rule 55.2(b) requires "the party seeking a judgment by default . . . [to] append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." *See* Local Rule 55.2(b). Local Rule 55.1 also requires that a "proposed Clerk's Certificate of Default form [] be attached to the affidavit" that the party moving for default judgment must file. *See* Local Rule 55.1.

Separately, pursuant to Local Rule 55.2(c), parties moving for default judgment must mail all papers submitted to the Court in support of the motion for default judgment to "the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." *See* Local Rule 55.2(c).

Here, Plaintiffs' motion for default judgment is deficient on its face for failure to comply with Local Rules 55.1 and 55.2(b), as the motion does not include a proposed form of default judgment. The failure to attach this document is sufficient grounds to deny the motion for default judgment. *See Liberty Mut. Fire Ins. Co. v. CitiMortgage, Inc.*, No. 20-CV-5839 (EK) (RER), 2022 WL 5424790, at *3 (E.D.N.Y. July 21, 2022) (denying motion for default judgment for, *inter alia*, plaintiff's failure to submit a proposed form of default judgment), *report and recommendation adopted*, 2022 WL 4483396 (Sept. 27, 2022).

Moreover and more importantly, the Court is not satisfied that the address used by Plaintiffs to serve their papers on Defendant is the last known business address for Defendant. Plaintiffs

have been serving Defendant at 353 W. 48th Street, 4th Floor, New York, NY 10036. (*See* Certificate of Service, Dkt. 15.)  However, the New York Secretary of State website indicates that Defendant's last known business address is "59 MAPLE STREET, BLOOMFIELD, NJ, UNITED STATES, 07003."[2]  Courts in this Circuit regularly find that a party has failed to comply with Rule 55.2(c) when parties mail papers to an address for a corporate entity that is different from the address listed on the relevant Secretary of State website.  *See, e.g.*, *Romero v. Dazzling Events, Inc.*, No. 19-CV-5133, (AMD) (LB), 2020 WL 13577336, at *9 (E.D.N.Y. Dec. 30, 2020) (denying motion for default judgment because, *inter alia*, the address used by plaintiff for corporate defendant did not match address listed on New York's Secretary of State website), *report and recommendation adopted*, 2021 WL 242188 (Jan. 25, 2021).  Furthermore, "courts in the Eastern and Southern Districts regularly deny such motions [for default judgment] when strict procedural compliance [with Local Rule 55.2(c)] is lacking."  *United States v. Hamilton*, No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019) (denying motion for default judgment because Plaintiff failed to follow Local Rule 55.2(c)) (collecting cases), *report and recommendation adopted*, 2019 WL 6828276 (Dec. 13, 2019).

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs have failed to comply with Local Civil Rules 55.1 and 55.2(b), (c).  Accordingly, the motion for default judgment is denied without prejudice.  Plaintiffs are granted leave to renew their motion for default judgment within 60 days of this Order, and can do so on the basis of the certificate of default previously issued by

---

[2] See Dep't of State, Div. of Corps., Corp. & Bus. Entity Database, *available at* https://apps.dos.ny.gov/publicInquiry/ (searching for "ALLSTATE MAPPING AND LAYOUT, LLC" as "Entity Name") (last visited February 2, 2023).

the Clerk of Court. Plaintiffs are cautioned to re-examine all rules applicable to default judgment motions and to comply strictly with each of them.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 2, 2023
      Brooklyn, New York